**George L. JEFFRIES, Plaintiff and Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, Defendant and Respondent.**

No. 18742.

Supreme Court of Utah.

May 11, 1983.

George L. Jeffries pro se.

David L. Wilkinson, Floyd G. Astin, K. Allan Zabel, Salt Lake City, for defendant and respondent.

STEWART, Justice:

This is an appeal from a decision by the Industrial Commission board of review, denying extended unemployment benefits to appellant because of his failure "to actively engage in seeking work." We affirm.

Appellant, having exhausted his regular unemployment benefits, filed his initial claim for extended benefits on April 8, 1982, to be effective beginning the week before. He received extended benefits for the weeks ending April 3 through May 1, 1982. He was then employed from May 5th to June 11th. On Friday of the following week, June 18th, he returned to the Job Service office and completed a form to resume the extended benefit payments, effective that week, June 13th–19th. However, appellant's work search record submitted for that week showed that he had made ṇo

effort to obtain work, allegedly because he had been ill with a cold. The Department representative accordingly denied benefits to appellant on the basis of Rule 3.e.(1)(b), Rules and Regulations of the Department of Employment Security, which requires that claimants "actively engage in seeking work" during each week for which benefits are claimed. That decision was affirmed by both the appeal referee and the board of review.

On appeal, appellant raises no legal issues, but challenges only the Department's interpretation of the facts. He does not dispute that he failed to search for work the week of June 13th–19th, nor does he argue that his illness should have excused him from the requirement for that week. Rather, he argues that he did not intend to apply for benefits beginning that week, but intended to reopen his claim effective the following week. He explains that he submitted a work search record for June 13th–19th only because he was requested to, not because he expected benefits for that week. He stresses that he has satisfied the work search requirement for every week since then.

The scope of our review in this case is limited to determining whether the Department's findings of fact are supported by substantial evidence. U.C.A., 1953, § 35–4–10(i); *Salt Lake City Corp. v. Department of Employment Security*, Utah, 657 P.2d 1312 (1982); *West Jordan v. Department of Employment Security*, Utah, 656 P.2d 411 (1982). The Department found that appellant filed to reopen his extended benefit claim as of June 13th. This finding is supported by the effective date of June 13th written on the application form that appellant signed, as well as by appellant's testimony that he at no time communicated an intent to reopen his claim effective the following week. The finding is further supported by the facts that June 13th–19th was appellant's first week without work, and that the Department's normal procedure is to reopen claims effective the week

preceding the application date so as to be based on a prior work search record.

We therefore affirm. No costs.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.